935 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy Leroy BAZEMORE, Plaintiff-Appellant,
v.
Landi FAULK, Chief Correctional Officer, Suffolk City Jail,
Defendants-Appellees.
 No. 89-6644.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1991.
Decided May 31, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CA-89-101-N)
 Martin J. Waters, III, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., (Argued), for appellant; Steven H. Goldblatt, Director, Cynthia S. Mazur, Supervising Attorney, Edwin G. Torres, Student Counsel, Appellate Litigation Program, Georgetown University Law Center, Washington, D.C., on brief.
 Conrad Moss Shumadine, Willcox & Savage, P.C., Norfolk, Va. (Argued), for appellees; Gary A. Bryant, Willcox & Savage, P.C., Norfolk, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The issue on appeal is whether appellant's confinement in a prison segregation cell that prevented him from having physical contact with other inmates for a certain four day period violated his Eighth and Fourteenth Amendment rights.
 
 I.
 
 2
 On December 10, 1988 appellant Timothy L. Bazemore threatened to stab a fellow inmate at the Suffolk, Virginia, city jail in a dispute over which television channel they would watch. As a result, Bazemore was placed in Section 5 of the jail, apparently in a division of Section 5 known as the "bammer" cell.[1] Section 5 is a cell in which up to six inmates can be placed to segregate them from the general prison population. The bammer cell is a separate cell within Section 5 and is designed to hold one inmate. The bammer cell is not isolation in the strictest sense, rather it separates an inmate from the other inmates in Section 5 through the use of a wall of bars. In other words, Bazemore was alone in the bammer cell but he could see and talk to the other inmates in Section 5 through the bars.
 
 
 3
 On December 12, the prison Adjustment Committee held a hearing on the December 10 assault charge against Bazemore. The Committee found him guilty and sentenced him to a loss of ten days of good time credit.
 
 
 4
 On December 16, prison officials removed Bazemore from the bammer cell and placed him in Section 5 with other inmates. Four days later, Bazemore filed a grievance with prison officials, complaining about his continued confinement in Section 5. Prison officials stated that they were keeping him in Section 5 because no other bed space was available in the general prison population. On December 23, a prison counselor met with Bazemore to discuss the grievance. The previous day Bazemore had been implicated as a primary suspect in an incident with a shank. The counselor explained to Bazemore that because of his attitude "regarding himself and others" he would continue to be confined in Section 5. On December 28, Bazemore was returned to the general prison population.
 
 
 5
 Bazemore eventually brought a section 1983 suit against the prison officials challenging his confinement in the bammer cell and in Section 5. The district court granted summary judgment for the defendants. Bazemore now appeals.
 
 II.
 
 6
 Bazemore's arguments on appeal focus on the four days he spent in the bammer cell from December 12 to 16. Appellant contends that his confinement during this period deprived him of procedural and substantive due process and violated his Eighth Amendment rights as well. We shall address his arguments in turn.
 
 A.
 
 7
 Bazemore appears to argue that he has a protectible liberty interest in being confined among the general prison population rather than in segregated quarters. According to Bazemore, he cannot be placed in the bammer cell unless disciplinary charges are pending or the Adjustment Committee has meted out isolation as a punishment. Because the Adjustment Committee had penalized him on December 12 with a loss of good time credit rather than confinement in the bammer cell, he contends that being left in the bammer cell until December 16 deprived him of a liberty interest without due process.
 
 
 8
 There are a number of problems, however, with Bazemore's argument. In the first place, it is far from certain whether Bazemore had a protectible liberty interest in being confined to a general population cell rather than the bammer cell. The Due Process Clause itself does not provide Bazemore with such an interest. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Bazemore suggests instead that the source of his liberty interest lies in the Suffolk city jail regulations. Yet Bazemore has never adequately identified the purported liberty interest. Consequently, it is difficult to assess whether the regulations contain the "specified substantive predicates" and "explicitly mandatory language" required to create a liberty interest. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989).
 
 
 9
 Even assuming that Bazemore had a liberty interest in which type of confinement he would receive, we believe that the process afforded him satisfied constitutional standards. He received a hearing before the Adjustment Committee and was found guilty of threatening to assault a fellow inmate. Although his punishment for that offense was a loss of good time credit rather than isolation in the bammer cell, we doubt that this determination vested Bazemore with a right to return immediately to the general prison population. It is plain that prison officials were acting reasonably and well within the broad discretion afforded them when they took four days to integrate an inmate, who was found guilty of threatening a fellow inmate, back into the prison population.
 
 
 10
 Moreover, Bazemore acknowledges that "isolation of an inmate without a disciplinary board's approval is justified pending investigation of misconduct charges or for reasons of security." Bazemore admits that sodomy charges were lodged against him on December 11, charges that had not been resolved by the Adjustment Committee on December 12. The prison officials were quite likely using the period from December 12 to 16 to investigate these charges. The officials certainly had valid security reasons for isolating Bazemore, who had a hostile attitude, from other inmates for the four day period in question. See Hewitt, 459 U.S. at 473. In fact, if officials had allowed Bazemore to mingle with other inmates before the charges were fully investigated and Bazemore had sodomized someone else, the officials could face section 1983 liability for neglecting their duty to protect the prison population from a known risk. See Washington v. Harper, 494 U.S. 210, ----, 110 S.Ct. 1028, 1038-39 (1990).
 
 B.
 
 11
 Bazemore also alleges the four days he spent in the bammer cell after December 12 violated his Eighth Amendment rights. We disagree.
 
 
 12
 As our prior discussion has indicated, confining Bazemore to the bammer cell served a legitimate and necessary penological purpose. In addition, no harm giving rise to Eighth Amendment concerns was inflicted on Bazemore. Bazemore does not allege that while in the bammer cell he was deprived of any of life's necessities. Cf. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). At most, he was deprived of physical contact with other prisoners. Further, appellant does not allege that his time in the bammer cell resulted in any physical injury; he merely contends that he suffered mental distress. In any event, appellant's allegations of mental distress in these circumstances hardly amount to cruel and unusual punishment. See Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir.1990).
 
 
 13
 Finally, Bazemore alleges that his substantive due process rights were violated by his confinement in the bammer cell from December 12 to 16. Any protections afforded to inmates by substantive due process principles, however, are no greater than those afforded by the Cruel and Unusual Punishments Clause. Whitley v. Albers, 475 U.S. 312, 327 (1986). Bazemore's resort to substantive due process is therefore unavailing.
 
 III.
 
 14
 For the foregoing reasons, the judgment of the district court is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 There is some dispute about when Bazemore was actually placed in the bammer cell. Bazemore at one point in his complaint seems to suggest that he was placed in the bammer cell immediately following the assault on December 10. Prison officials contend, based in part on grievances filed by Bazemore, that he was transferred to Section 5 on December 10. Bazemore then allegedly sodomized inmates in Section 5 and in response was transferred to the bammer cell on December 11